**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

DARRELL TYRONE HENDERSON,      :
AIS 250606,

                                 :

      Petitioner,

                                 :

vs.                                                    CA 07-0556-BH-C

                                 :

JERRY FERRELL,

                                 :

      Respondent.

## REPORT AND RECOMMENDATION

      Darrell Tyrone Henderson, a state prisoner presently in the custody of

the respondent, filed his complaint for habeas corpus relief pursuant to 28

U.S.C. § 2254 on August 3, 2007. (*Compare* Doc. 1, at 5 (initial handwritten

petition signed by Henderson on August 3, 2007) *with* Doc. 6 (petition filed

on court form)) After service of the complaint, respondent filed an answer on

October 22, 2007 (Doc. 14), with the lead argument being that petitioner has

not exhausted his state remedies (*see id.* at 4-6). In his reply of October 30,

2007 (Doc. 16) and his letter to the Court dated November 13, 2007 (Doc. 18),

petitioner contends that he has exhausted his state remedies.

      This action has been referred to the undersigned, pursuant to 28 U.S.C.

§ 636(b)(1)(B), for entry of findings of fact and a recommendation as to the

appropriate disposition of this case. After a complete review of all materials, it is determined that this action has been prematurely filed and therefore, should be dismissed as unexhausted.

## FINDINGS OF FACT

1.      On January 12, 1999, Henderson entered a counseled guilty plea to first-degree theft of property in the Circuit Court of Mobile County, Alabama and was sentenced to three years imprisonment. (Doc. 14, Exhibit RX-1; *see* Doc. 6, at 1-2) Petitioner's sentence was split and he was ordered to complete same on formal probation; he was given credit for fourteen days spent in jail prior to sentencing. (Doc. 14, Exhibit RX-1) Based upon the foregoing, Henderson's probationary term was scheduled to end on or about December 29, 2001. (*See id.*)

2.      A petition to revoke Henderson's probation was filed on May 10, 2000; petitioner was arrested that same day. (*See* Doc. 14, Exhibit RX-2) Henderson was released on May 26, 2000, the petition for revocation being either denied or withdrawn. (*See id.*)

3.      On March 12, 2001, a second petition to revoke Henderson's probation was filed by the State of Alabama. (Doc. 14, Exhibit RX-3) A warrant was issued for petitioner's arrest on March 13, 2001. (*Id.*) The warrant

was executed on September 11, 2002 and, on September 20, 2002, following a hearing, Henderson's probation was extended for a period of two years. (*Id*.)

4.      On January 9, 2004, a third petition to revoke Henderson's probation was filed by the State of Alabama. (Doc. 14, Exhibit RX-4) An arrest warrant was issued on January 12, 2004; the warrant was served on October 25, 2006. (*Id*.) On December 14, 2006, petitioner's probation was revoked and he was ordered to serve his original three-year sentence. (*Id*.)

5.      While a transcript of the record was issued on January 10, 2007, there is nothing in the record indicating that Henderson filed notice of appeal from the revocation of his probation. (*See id*.)

6.      In his reply to the respondent's answer and in a letter to this Court petitioner insists that he has exhausted his state remedies. (*See* Docs. 16 & 18)

> I have notarized copies of the fact that I tried to get from the Circuit Court Clerk [a] Case Action Summary, Revocation Report, Delinquent Report, Indictment Report, [and] arrest report of the case #98003651, to prepare for my post conviction remedy which is due me by law, but the Clerk would not respond. Even though I sent a motion to vacate sentence January 19, it was dated filed by Circuit Court Clerk January 29 [and] was denied. Also the habeas corpus petition I sent was filed by the Circuit Court Clerk on 4-12-07 [but] it was also denied even though the court did not notify me of the denial. This information is in the case action summary sent to me by the Circuit Court Clerk, but this information only came after I filed

3

my complaint in federal court. I'm giving you this information as a good sport [since] the burden of producing the state record is squarely upon the respondent[,] not the petitioner[,] according to the court's order.

So you see[,] I did exhaust my state remedy. I even wrote letters to the Judge and I kept the federal court informed of it.

So the State or its representatives are in violation even more. This is why the federal court gave me the petition[,] 28 U.S.C. 2254 govern (sic) by Rule 5 (11th Cir.)[,] because I did all to qualify. So, you see sir, all of my claims are legitimate and correct.

(Doc. 16, at 4-5; *see also* Doc. 18, at 1 & 2 ("I have this [] case action summary from Circuit Court Clerk, Jo Jo Schwarzauer, which he/she points out all illegal activities concerning my situation. She/he even shows the dates when my motion to vacate sentence and habeas corpus motion was filed in state court even though I was never contacted of the fact that both motions were denied. This is my proof that I exhausted my state remedies. I have in my possession notarized copies of information from me to the Circuit Court Clerk trying to get information on the Case # 98-3651 of which there was never a response until I started contacting the federal court of this matter. . . . In Troy King's 'Answer' for the respondent[,] the Circuit Court did not reveal to him in fact that I did file a habeas corpus petition in the state court of which I submitted proof to the federal court from Jo Jo Schwarzauer, Circuit Court

Clerk, when I submitted my habeas corpus petition."))

## CONCLUSIONS OF LAW

1.     A claim for federal habeas corpus relief is not exhausted so long as a petitioner "has a right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (emphasis in original; citations omitted). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845, 119 S.Ct. at 1732; *see Thomas v. Crosby*, 371 F.3d 782, 813 (11th Cir. 2004) (Tjoflat, C.J., concurring specially) ("While a prisoner is not obligated to seek every conceivable extraordinary writ available in state court, he must at the very least afford the state 'a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . [by] invoking one complete round of the State's established

5

appellate review process.'"), *cert. denied,* 543 U.S. 1063, 125 S.Ct. 888, 160 L.Ed.2d 793 (2005).

2.     A habeas claim is deemed to be exhausted when "it is fair to assume that further state proceedings would be useless." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989). This standard is met when the precise issue raised in a habeas petition has been "fairly presented" to the state's highest court. *See id*. (citation omitted). The exhaustion requirement is not met "where the claim has been presented for the first and only time in a procedural context in which the merits will not be considered unless 'there are special and important reasons therefor[.]'" *Id*. (citation omitted).  If the claims raised in a federal habeas corpus petition have not been exhausted, the petition should be dismissed. *See Anderson v. Harless*, 459 U.S. 4, 6 & 7-8, 103 S.Ct. 276, 277 & 278, 74 L.Ed.2d 3 (1982).

3.     The exhaustion requirement is excused if "there is either an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(I) & (ii). A failure to exhaust has been excused where, because of prior rulings, resort to the state courts would be futile. *See Allen v. State of Alabama*, 728 F.2d 1384, 1387 (11th Cir. 1984). Exhaustion has also

been excused where the state has unreasonably delayed in acting on the petitioner's efforts to invoke state remedies or fails to address the petition without explanation. *See, e.g., Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991) ("A federal *habeas* petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief."), *cert. denied*, 503 U.S. 938, 112 S.Ct. 1478, 117 L.Ed.2d 621 (1992); *Cook v. Florida Parole & Probation Comm'n*, 749 F.2d 678, 679 (11th Cir. 1985) ("State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief."). Finally, other special or exceptional circumstances may also excuse exhaustion. *See, e.g., Clarke v. Grimes*, 374 F.2d 550, 551 (5th Cir. 1967) ("It is true that under Fay v. Noia, the federal trial court has broad discretion to hear a habeas corpus petition though state remedies have not been exhausted, if there are circumstances which demand relief to protect the rights of the prisoner.").

      4.     In this case, petitioner contends that he has exhausted his state remedies. (*See* Docs. 16 & 18) While Henderson has supplied proof that the trial court, on May 15, 2007, denied his April 12, 2007 motion for habeas

7

relief (*see* Doc. 6, Attachment), he has failed to establish that he exhausted the denial of that petition in Alabama's appellate courts[1] or that he is unable to collaterally attack the revocation of his probation via Rule 32 of the Alabama Rules of Criminal Procedure. Petitioner still has almost a month before his one-year limitations period under AEDPA (arguably) will expire--specifically until December 14, 2007--to collaterally attack the revocation of his probation in the state courts of Alabama via a Rule 32 petition.[2] This is a classic example of a case that should, in the first instance, be addressed by Alabama's state courts, given Henderson's argument that the trial court had no jurisdiction to revoke his probation since he completed his probationary period before his final revocation on December 14, 2006. Petitioner's implicit suggestion that it would be futile for his to exhaust his state remedies, given the trial court's failure to timely notify him of the denial of his habeas corpus petition, cannot withstand scrutiny since it does not establish that Alabama's appellate courts

---

[1]      Petitioner makes an argument that the trial court did not timely notify him of the denial of his habeas corpus petition. However, it is clear to this Court that Henderson was notified at some point of the denial yet there is nothing establishing that he requested an out-of-time appeal based upon the trial court's failure to give him timely notice of the denial of his habeas corpus petition.

[2]      Henderson should immediately file a Rule 32 collateral attack in the Circuit Court of Mobile County, Alabama in order to toll the one-year statute of limitations under AEDPA. There is simply no "hard" evidence of record which establishes that Henderson has collaterally attacked the revocation of his probation through a Rule 32 petition filed in the Circuit Court of Mobile County, Alabama.

would necessarily rule in the same manner as the trial court[3] nor does it establish that appellate review would be delayed on collateral review. This Court cannot find that Henderson has been unlawfully treated by the Alabama justice system based upon the actions of one Alabama trial court. It is the undersigned's opinion that petitioner be required to exhaust his state remedies and thereby give all of Alabama's state courts one full opportunity to resolve the issue of whether he completed his three-year probationary sentence prior to his probation being revoked on December 14, 2006,[4] by invoking one

---

[3]     As is established by the case law, the exhaustion doctrine requires that a petitioner give all of the pertinent state's courts one full opportunity to resolve any constitutional issues. In this instance, petitioner has only presented the issues he seeks this Court to address to the Circuit Court of Mobile County, Alabama and then only through a petition for writ of habeas corpus. There is no evidence suggesting that Henderson has presented the issues he wishes addressed to Alabama's appellate courts; this he must do. In other words, Henderson must invoke one complete round of the State of Alabama's appellate review process.

[4]     Henderson attempts to suggest that the case number assigned to his underlying first-degree theft of property case was changed from a 1999 number to a 1998 number and, therefore, he is in prison for a crime he never committed. (*See* Doc. 6, at 12) It is clear to this Court, as Henderson admits, that petitioner changed his plea of not guilty to guilty on January 12, 1999 and that same day received a three year split sentence; his three-year sentence was suspended pending his successful completion of formal probation. However, it is just as clear that the charge to which petitioner entered a guilty plea on January 12, 1999 arose from a 1998 indictment. (*See* Doc. 14, Exhibit RX-1) Therefore, Henderson's charge to which he pled guilty on January 12, 1999 was properly assigned a 1998 case number, petitioner's "confusion" notwithstanding. Petitioner's probationary period began to "run" on January 12, 1999, not January 12, 1998, and that period was extended by two years on September 20, 2002, based upon a petition to revoke probation filed on March 12, 2001. The pertinent questions become from what date the extended period was to "run" and whether Henderson was still on probation at the time the State of Alabama petitioned the trial court to revoke his probation on January 9, 2004. Those are questions which should, in the first instance, be addressed by the state courts of Alabama.

complete round of the State's established appellate review process.

## **CONCLUSION**

The Magistrate Judge recommends that Darrell Tyrone Henderson's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed, without prejudice, to allow petitioner the opportunity to fully exhaust his state court remedies.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 21st day of November, 2007.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.


  s/WILLIAM E. CASSADY_____
UNITED STATES MAGISTRATE JUDGE